UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| XAVIER HALLIBURTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:23-CV-922-PPS-JEM |
| JOHN DOE 1, et al., | |
| Defendants. | |

OPINION AND ORDER

Xavier Halliburton, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) As required by 28 U.S.C. § 1915A, I must review this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Halliburton is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Halliburton is incarcerated at Wabash Valley Correctional Facility. His claims stem from events occurring at Miami Correctional Facility (MCF) in February 2023. He alleges in general terms that two John Doe officers in the P-cellhouse "broke

the safety and security of the facility and failed in [their] duty to adequately supervise, maintain order, and protect prisoners from harm . . . when [they] allowed (3) inmates to enter an unauthorized area," who stabbed Mr. Halliburton. (ECF 7 at 3.) He does not provide any other details about the events leading up to or surrounding the attack, including whether there was any advance warning, why the inmates attacked him, or where within the cellhouse the attack occurred. He sues the two unnamed officers, as well as Deputy Warden John Doe, who allegedly failed to provide "adequate supervision" of the two officers, and Warden Brian English, who "acted negligently and violated [his] eighth amendment right to be free from cruel and unusual punishment." (*Id.* at 4.)

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To be held liable, a defendant must have had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Put another way, the defendants must have "acted with the equivalent of criminal recklessness, in this context meaning they were

2

actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018). Thus, the plaintiff must allege acts or omissions by the defendant that "cross the line from negligently enabling the attack to recklessly condoning it." *Id.*

It is unfortunate that Mr. Halliburton was attacked by other inmates. However, he does not plausibly allege that the John Doe officers had actual knowledge of a specific risk to his safety and consciously disregarded that risk. *See Klebanowski*, 540 F.3d at 639-40. Indeed, there is no indication from his allegations that he had any advance warning of the attack, and "[i]f [the plaintiff] could not predict the attack, it would be difficult to see how [the defendants] could have anticipated it." *Moore v. W. Illinois Corr. Ctr.*, 89 F.4th 582, 591 (7th Cir. 2023). Although he claims the officers let the inmates into an "unauthorized area," it is unclear from his allegations what this area was, why he was in this area, or whether the John Doe officers even knew he was there. One can imagine a scenario where letting inmates into an area of the prison would make for an inherently dangerous situation (for example, letting gang members into a cellhouse affiliated with a rival gang), but Mr. Halliburton hasn't described such a scenario here. Merely "putting a few words on paper that, in the hands of an imaginative reader,

3

*might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

As for the Deputy Warden and Warden, he appears to be trying to hold them liable for damages because of their positions, but this is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (quotation omitted). There is insufficient factual content in the complaint from which I could plausibly infer that the Deputy Warden or Warden knew about unconstitutional conduct by a subordinate officer and condoned it, facilitated it, or actively turned a blind eye to some known risk to Mr. Halliburton's safety.

Therefore, the amended complaint does not state a claim.[1] In the interest of justice, I will allow him an opportunity to file another amended complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). Mr. Halliburton was already given an opportunity to amend,

---

[1] I note that there is an additional problem with the John Doe defendants, because "placeholder" defendants cannot be served with process to bring them into this lawsuit. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Mr. Halliburton should bear in mind that the unnamed defendants have to be identified and served within the two-year limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.*

as his original complaint was not on the right form and contained other deficiencies. (ECF 1, 6.) In fairness, I will give him an additional opportunity to replead now that his claims have been analyzed in detail.

For these reasons, the court:

(1) GRANTS the plaintiff until **February 26, 2024**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: January 24, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT