UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

XAVIER HALLIBURTON,

        Plaintiff,

        v.          CAUSE NO.: 3:23-CV-922-PPS-JEM

JOHN DOE 1, et al.,

        Defendants.

## OPINION AND ORDER

Xavier Halliburton, a prisoner without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983.[1] (ECF 13.) As required by 28 U.S.C. § 1915A, I must review this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Halliburton is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Mr. Halliburton's original complaint was stricken as procedurally deficient, and I determined that his first amended complaint was subject to dismissal under 28 U.S.C. § 1915A. I afforded him an opportunity to replead his claims before dismissing the case, and he responded with the present filing.

Mr. Halliburton is incarcerated at Wabash Valley Correctional Facility. His claims stem from events occurring at Miami Correctional Facility (MCF) in February 2023 when two John Doe officers in the P-cellhouse allegedly failed to protect him from being attacked by other inmates. He claims that on February 4, 2023, the floor officer, whom he refers to as "John Doe #1," was passing out food trays near his cell. He told the officer he needed to be isolated in his cell and asked to speak with a sergeant "as soon as possible." (ECF 2 at 13.) John Doe #1 asked him why he needed to speak with a sergeant and he responded that he was "concerned for [his] safety." *Id.* John Doe #1 asked him if he "could be specific," and Mr. Halliburton responded that he feared he was going to be attacked "when the doors open for medication pass." *Id.* The officer allegedly "chuckled" and continued passing out food. He then said "very loudly for the whole range to hear, 'The guy in cell 309 says he needs to get out of here someone should talk to him at med pass about people who do things like that here.'" *Id.* Several inmates allegedly heard him make this comment.

Mr. Halliburton waited for John Doe #1 to finish handing out food trays and leave the area, and he then began yelling to the "PHU-control officer," whom he refers to as "John Doe #2." This officer walked to the control window to speak with Mr. Halliburton, and Mr. Halliburton repeated his concerns that he might be attacked that day during medication pass. The officer allegedly "walked away" and did nothing. *Id.* at 3. A few hours later Mr. Halliburton was sleeping in his cell when the doors were opened for medication pass. He awoke to find three inmates in his cell, one of whom had a knife; he tried to defend himself but was stabbed several times in the leg, back,

2

and hand. He suffered a collapsed lung and other injuries. Based on these events, he sues John Doe #1 and John Doe #2 for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures" to guarantee the safety of inmates and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 848, 833 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To be held liable, a defendant must have had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Put another way, the defendants must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008).

Giving Mr. Halliburton the inferences to which he is entitled, he has alleged a plausible failure-to-protect claim against the two officers. He claims he made both of them aware of a specific threat to his safety: that he was likely to be attacked later that day when the doors were opened for medication pass. John Doe #1 allegedly laughed at him and, by his account, actually encouraged other inmates to attack him by effectively

3

labeling him a snitch. *See Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008) (observing that "it's common knowledge that snitches face unique risks in prison"). John Doe #2 allegedly walked away and did nothing to help Mr. Halliburton when he reported his concerns, after which he was brutally attacked in the manner he warned the officers about. He has alleged enough to proceed further against these defendants.

As a practical matter, he has not provided the name of either defendant. While it is permissible to sue a "placeholder defendant" in federal court, an unnamed defendant cannot be served with process to be brought into the case. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). John Doe #1 and #2 must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* I have an obligation to assist Mr. Halliburton in trying to identify and serve these defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). To aid in this process, I will add the Warden of Miami Correctional Facility as a defendant for the sole purpose of identifying these defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against John Doe #1 and John Doe #2 in their personal capacity for money damages for failing to protect him from being attacked by other inmates on or about February 4, 2023, in violation of the Eighth Amendment;

(2) DIRECTS the clerk to add the Warden of Miami Correctional Facility as a defendant for the sole purpose of identifying the John Doe officers;

4

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility at the Indiana Department of Correction and to send him a copy of this order and the amended complaint (ECF 13) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS the Warden to provide on or before **June 11, 2024**, the names of John Doe #1, the floor officer who served food "on the 3-4 side of PHU" on February 4, 2023, and John Doe #2, the control officer in P-cellhouse on February 4, 2023, or to file a notice by the above date explaining why the names of these individuals cannot be provided.

SO ORDERED.

ENTERED: April 9, 2024.

                                        /s/   Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT